UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHLEY ANNE E., | Case No. 22-cv-01334-TLF |
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

I.      ISSUES FOR REVIEW

A.  Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony

B.  Whether the ALJ Properly Evaluated Medical Opinion Testimony

C.  Whether the ALJ's RFC Determination Was Supported by Substantial Evidence

D.  Whether the ALJ Erred at Step Five

///

///

## II.    BACKGROUND

On August 16, 2018, plaintiff protectively filed a Title II application for DIB and Title XVI application for SSI, alleging a disability onset date of May 24, 2018 on both applications. Administrative Record ("AR") 23, 78-79, 88-89, 101-02, 113-14.

Plaintiff's applications were denied initially and on reconsideration. AR 86, 97, 111, 122. Administrative Law Judge ("ALJ") Robert Freedman held a hearing on May 26, 2021 (AR 48-74) and issued a decision on June 21, 2021 finding plaintiff not disabled. AR 20-75. Plaintiff now seeks judicial review of the ALJ's June 2021 decision. Dkt. 10.

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

///

IV.   DISCUSSION

A.  Whether the ALJ Erred in Evaluating Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred in discounting her subjective symptom testimony. Dkt. 20 at 5-11.

Plaintiff testified she is unable to work because of her heart condition, for which she has been in treatment since June 2018. AR 56-59. *See* AR 56-61. Plaintiff also testified she is currently taking medication and attending therapy sessions for anxiety. AR 59, 66-67. Plaintiff additionally testified that she experiences gastrointestinal issues with throwing up two to three days per week. AR 60. The nausea may come on more frequently if she is doing a lot of physical or mentally stressful activities. AR 60. She further testified she has pain in her legs, feet, and lower back, and numbness and tingling in her feet. AR 61. Plaintiff explained she did not have stable housing; she tried to keep any mess very minimal so she would not need to sweep up when she stayed with other persons, and she could make simple meals such as yogurt with granola, but other chores would be difficult because she often gets lightheaded and has back pain. AR 62. She testified she tries to walk her dog (a dog that her mother takes care of) once a week but can only walk for about a block. AR 63. Plaintiff also testified she can stand for 10 to 15 minutes, 25 minutes at the most, and needs to rest for an hour before she can do it again. AR 65-66.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a claimant's credibility, the ALJ must determine whether a claimant has

presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject a claimant's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)

The ALJ discounted plaintiff's testimony regarding the severity of her heart condition and lower extremity weakness because they were inconsistent with her medical records. AR 31-35. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ's assessment is only partially supported by substantial evidence.

The ALJ reasonably discounted plaintiff's testimony regarding her lower extremity because treatment notes indicated no weakness or showed plaintiff displayed steady and normal gait, undermining plaintiff's testimony. AR 31, 34 (citing AR 2014, 2058, 2063, 2089-90).

However, in discounting plaintiff's testimony regarding her heart condition, the ALJ erred. The ALJ noted that around plaintiff's alleged onset date of May 2018, plaintiff was hospitalized due to respiratory failure, among other conditions. AR 32. The ALJ noted that after plaintiff was discharged, she was not further hospitalized and treatment notes from her cardiology visits showed improvement in her symptoms. AR 34-35.

4

1    The ALJ's reasoning is not supported by substantial evidence. The evidence

2    does include some normal ECG findings and reports by plaintiff that she had less

3    dyspnea, but other treatment notes from May 2018 through the date of plaintiff's hearing

4    include reports of significant dyspnea, lightheadedness, shortness of breath, chest pain,

5    and palpitation. *See* AR 428, 492-495 (plaintiff was admitted to Providence Hospital in

6    Everett, Washington [initially she was admitted to Skagit Valley Hospital on 5-25-2018

7    and then she was transferred to Providence Everett Regional Medical Center] on 5-27-

8    2018 and placed in ICU "with septic shock, acute respiratory failure, hypoxemia, staph

9    aureus tricuspid valve endocarditis with bacteremia, septic pulmonary emboli, bilateral

10   empyema and bifascicular block. . . .Patient is profoundly ill with high chance of further

11   deterioration and death."), 463 (notes from Dr. Ashbach on 6-7-2018, finding that

12   plaintiff was intubated on 5-27-2018 and would need long term ventilation for respiratory

13   illness); AR 468-469 (notes from Dr. Lien on 6-12-2018 stating that plaintiff had a

14   tracheostomy placed on 6-7-2018 by Dr. Ashbach and was "tolerating a trache mask

15   during the day, and ventilator at night."), AR 491 (indicating plaintiff was discharged

16   from Providence Regional Medical Center Everett on 7-6-2018), 1709-10, 1929 (reports

17   lightheadedness during appointment on 1-7-2021), 1975 (notes from Dr. Parmar

18   indicate treadmill study of plaintiff was terminated due to lightheadedness on 9-23-

19   2020), 2049 (notes from Dr. Parmar on 6-29-2020 indicate that plaintiff has significant

20   dyspnea, her heart races, and lightheadedness with activity), 2061-64 (notes from Dr.

21   Parmar on 1-20-2020 indicate that plaintiff has lightheadedness when she exercises,

22   fatigue, dizziness, shortness of breath, chest pain, and palpitations), 2085 (notes from

23   Dr. Pamar on 6-5-2019 state that plaintiff has fatigue, chest tightness, shortness of

24

25

breath, palpitations, dizziness, and light-headedness). Thus, in discounting this portion of plaintiff's testimony, the ALJ erred.

The ALJ also discounted plaintiff's testimony because it was inconsistent with her activities, including walking her dog, managing self-care, performing household chores, and caretaking. AR 31. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Yet the records cited by the ALJ show plaintiff performs these activities with significant physical limitations, which mirrors plaintiff's testimony. *See* AR 65-66, 1730. The records do not indicate to what extent plaintiff helps care for her mother, cousin, and friend's father, and the ALJ does not explain how plaintiff's ability to do so contradicts her statements. Thus, in discounting plaintiff's testimony based on her activities, the ALJ erred.

Plaintiff also contends the ALJ erred by failing to consider the side effects from her medication; but plaintiff does not specify which side effects the ALJ omitted in his evaluation. Nonetheless, as further explained below, because the ALJ erred in evaluating plaintiff's testimony, the ALJ must reconsider plaintiff's statements on remand.

B. Whether the ALJ Erred in Evaluating Medical Opinion Evidence

Plaintiff contends the ALJ erred in evaluating the medical opinion of Brittany Rowan, PA-C. Dkt. 10 at 10. Plaintiff also suggests the ALJ erred in discounting the opinion of Dr. Peter Struck, but the ALJ did not evaluate his opinion -- it was provided after he issued his decision, and the Appeals Council determined it did not present a reasonable probability that it would change the outcome of the ALJ's decision *See* Dkt.

1   10 at 7; AR 6. But even if the ALJ had evaluated Dr. Struck's opinion, the Court finds

2   plaintiff's conclusory statement that it was erroneously evaluated by the ALJ insufficient

3   to properly raise a claim. It is up to plaintiff, not the Court, to frame an argument and

4   discuss applicable law and facts. *See Independent Towers of Wash. v. Wash.*, 350 F.3d

5   925, 929 (9th Cir. 2003). Plaintiff has failed to do so here, therefore the Court will only

6   address the ALJ's evaluation of Ms. Rowan's opinion.

7         Ms. Rowan opined on June 7, 2021, that based on plaintiff's cyclic vomiting

8   syndrome diagnosis ("CVS"), plaintiff needs the opportunity to shift at will from sitting or

9   standing/walking and lie down at unpredictable intervals during an eight-hour work shift.

10   AR 2394. Ms. Rowan also opined plaintiff has to avoid exposure to certain

11   environmental conditions, may need frequent restroom and meal breaks, and that her

12   medications for her CVS may make plaintiff drowsy and blur her vision. AR 2395. In

13   addition, Ms. Rowan stated that plaintiff may need frequent breaks or days off when she

14   has severe symptoms; and she opined that plaintiff would need to take more than four

15   days off per month as absences from work, because of the impairments or treatment for

16   the CVS. AR 2395.

17        For applications filed after March 27, 2017, ALJs must consider every medical

18   opinion in the record and evaluate each opinion's persuasiveness, with the two most

19   important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th

20   785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability

21   concerns how a medical source supports a medical opinion with relevant evidence,

22   while consistency concerns how a medical opinion is consistent with other evidence

23   from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2);

24

25

1    416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining

2    or treating doctor's opinion as unsupported or inconsistent without providing an

3    explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

4          The ALJ first discounted Ms. Rowan's opinion because it was not consistent with

5    medical evidence showing a mostly normal gastrointestinal workup. AR 36. But the

6    medical evidence the ALJ cited relates mainly to plaintiff's other impairments. *See* AR

7    1978, 1984. The ALJ erred by failing to explain, with substantial evidence, as to how it

8    negated Ms. Rowan's proposed limitations concerning nausea. *Woods*, 32 F.4th at 792.

9    The ALJ also highlighted evidence showing plaintiff did not report issues with nausea

10   (AR 1921-26), but other treatment notes in plaintiff's record show nausea remained as

11   one of plaintiff's chief complaints. *See* AR 1915 (notes from ARNP Clarissa Foy dated

12   10-25-2019 that plaintiff was vomiting in the waiting area and had been having difficulty

13   with vomiting), 1920 (notes from Dr. Larri Ann Mishko, on 2-7-2020 documenting

14   plaintiff's chief complaint as nausea, chronic and ongoing).

15         The ALJ further discounted Ms. Rowan's opinion because it was inconsistent

16   with plaintiff's activities of daily living. AR 36. But the ALJ does not explain how plaintiff's

17   ability to attend treatment classes, walk her dog, cook, and care for her family

18   necessarily undermines Ms. Rowan's proposed limitations in light of plaintiff's CVS. If

19   plaintiff is able to take frequent breaks and sit down or lie down and rest during these

20   activities, this would not be inconsistent with the symptoms of her CVS. Thus, in

21   discounting Ms. Rowan's opinion, the ALJ erred.

22         C.   Whether the ALJ's RFC Determination Was Supported by Substantial Evidence

23

24

25
                                        8

1    Plaintiff contends the ALJ's RFC determination was not supported by substantial

2  evidence. Dkt. 10 at 5-11.

3    The Court has found the ALJ erred in evaluating plaintiff's subjective symptom

4  testimony and Ms. Rowan's medical opinion. Such errors are not harmless because the

5  hypothetical questions for the Vocational Expert would not include all the limitations

6  supported by the medical evidence and by plaintiff's statements about her symptoms

7  and limitations (see AR 68-71) - thus, they result in an RFC that does not include

8  relevant work-related limitations. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

9  1054 (9th Cir. 2006)*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155,

10 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-*

11 *Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). If, on remand, the

12 Commissioner finds plaintiff has additional limitations, the resulting RFC may be very

13 different. Therefore, the ALJ must reassess plaintiff's RFC on remand. *Valentine v.*

14 *Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take

15 into account a claimant's limitations is defective").

16    D.  Whether the ALJ Erred at Step Five

17    Plaintiff contends the ALJ erred at step five because the number of jobs the ALJ

18 found plaintiff could perform does not constitute a significant number in the national

19 economy. Dkt. 10 at 3-5.

20    While it is the Commissioner's burden at step five to establish a significant

21 number of jobs exists in the national economy, the Ninth Circuit has "never set out a

22 bright line rule" as to what is a "significant number." *Beltran v. Astrue*, 700 F.3d 386, 389

23 (9th Cir. 2012). In determining what constitutes a significant number, the Court may

24

25                                              9

compare the number of jobs to what Courts have found in other cases. *Beltran*, 700 F.3d at 389. In *Gutierrez v. Comm'r of Soc. Sec.*, the Ninth Circuit found that while the ALJ's determination that 25,000 jobs in the economy were "a close call," that number nevertheless was sufficient to meet the statutory standard. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014).

Here, at step five, the ALJ, relying on the vocational expert's testimony, found plaintiff can perform the occupations of cleaner (25,000 jobs available nationally), cannery worker (25,000 jobs available nationally), and warehouse checker (20,000 jobs available nationally). AR 39.

In making her argument, plaintiff compares the combined total jobs nationally in Gutierrez (25,000) with each individual occupation listed by the vocational expert at plaintiff's hearing. See AR 49, 69-70. This is an inaccurate interpretation and application of *Gutierrez*. Accordingly, the Court concludes the ALJ's did not err at step five for the reason posited by plaintiff. *See Gutierrez*, 740 F.3d at 521 (25,000 jobs nationally is significant). However, because the Court has found that ALJ must reassess plaintiff's RFC, the Commissioner would be re-evaluating the evidence and conducting the five-step process.

Plaintiff also contends the ALJ erred at step five because the hypothetical presented to the vocational expert did not include all of plaintiff's limitations. Dkt. 10 at 3-5. The ALJ's RFC determination informed the hypothetical presented to the VE. AR 29, 69. As the Court has found that the ALJ's RFC determination is not supported by substantial evidence, on remand the hypothetical questions may be adjusted.

E.  Remedy

Plaintiff requests the Court to remand this case for an award of benefits. Dkt. 10 at 12-13.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Here, the Court has found errors in the ALJ's evaluation of plaintiff's testimony and the medical opinion evidence. The Court may not remand for an award of benefits unless a remand for further administrative proceedings "would serve no useful purpose."

11

1    *Burrell v. Colvin,* 775 F.3d 1133, 1141 (9th Cir. 2014). Therefore, this matter should be

2  reversed for further administrative proceedings, including a *de novo* hearing, not with a

3  direction to award benefits. *See Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir.

4  2016).

5  <u>CONCLUSION</u>

6       Based on the foregoing discussion, the ALJ's decision is reversed and remanded

7  for further administrative proceedings. On remand, the Commissioner must conduct a

8  de novo hearing, allow plaintiff to present additional evidence, reevaluate plaintiff's

9  testimony and the medical opinion evidence, and conduct the five-step review.

10

11       Dated this 16th day of June, 2023.

12                                 Theresa L. Fricke
                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25